1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    EDWARD EARL COBB,

9                        Petitioner,          Case No. C25-0030-MJP-SKV

10         v.

11    SCOTT SPEER,                             REPORT AND RECOMMENDATION

12                        Respondent.

13

14                          **I.      INTRODUCTION**

15         Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections

16    Center in Aberdeen, Washington.  He has presented to the Court for filing a petition for writ of

17    habeas corpus under 28 U.S.C. § 2241 challenging his confinement pursuant to the judgment and

18    sentence entered in King County Superior Court case number 08-1-07142-8.  *See* Dkt. 8.

19    Though Petitioner presented his petition to the Court as one filed under § 2241, the Court has

20    construed the petition as one filed under 28 U.S.C. § 2254.  *See* Dkt. 9 at 1-2 (citing *White v.*

21    *Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a

22    habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).  The

23

REPORT AND RECOMMENDATION
PAGE - 1

petition has not been served on Respondent.  After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

## II.    DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on January 6, 2025.  *See* Dkt. 1.  As noted above, the petition relates to the judgement and sentence entered in King County Superior Court case number 08-1-07142-8.  *See* Dkt. 8 at 1.  Petitioner alleges in his petition that his current custody is unlawful because his judgment and sentence does not reflect that he received credit for time served in the King County Jail prior to his sentencing, as required by RCW 9.94A.505(6).  *Id*. at 3.  Petitioner claims that failure to apply such credits violated his rights under the Sixth and Fourteenth Amendments.  *Id*.

After reviewing the petition, this Court determined that there were barriers to Petitioner proceeding with this federal habeas action.  Thus, on February 7, 2025, the Court issued an Order directing Petitioner to show cause why this action should not be dismissed.  Dkt. 9.  The Court first observed therein that Petitioner did not appear to have satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).  *Id*. at 2.  The Court noted that nothing in the petition suggested Petitioner had presented his claim regarding jail credits to the state appellate courts for review. *Id*.  The Court went on to explain that absent a showing that Petitioner had presented his claim to both the Washington Court of Appeals and the Washington Supreme Court for review, the claim was not eligible for federal habeas review.  *Id*.

The Court next observed that even if Petitioner were able to satisfy the exhaustion requirement, it appeared his petition was likely time barred under 28 U.S.C. § 2244(d).  Dkt. 9 at 2-3.  The Court noted that: (1) a one-year statute of limitations applies to federal habeas petitions, and the limitation period generally starts to run from the date of the conclusion of

REPORT AND RECOMMENDATION
PAGE - 2

1    direct review or the time for seeking such review, whichever is later; (2) a mandate terminating

2    direct review of Petitioner's judgment and sentence was issued on July 6, 2012; and (3)

3    Petitioner did not present his federal habeas petition to this Court for filing until January 6, 2025,

4    approximately twelve and a half years after direct review of his conviction concluded and, thus,

5    approximately eleven and a half years after it appears the statute of limitations expired. *Id.*

6    Petitioner was directed to file a response to the Order to Show Cause within thirty days

7    and was advised that his failure to timely respond would result in a recommendation that this

8    action be dismissed. Dkt. 9 at 3. Petitioner thereafter filed a motion seeking to stay this

9    proceeding, apparently to allow him time to exhaust his state court remedies. *See* Dkt. 10. On

10    March 31, 2025, this Court issued an Order denying Petitioner's motion to stay. Dkt. 11. The

11    Court explained therein that because it had identified in its Order to Show Cause two potentially

12    dispositive issues, *i.e.,* failure to exhaust state court remedies and timeliness, and because

13    Petitioner had not addressed the timeliness issue in his motion to stay, it would not grant the

14    requested stay but would grant Petitioner an extension of time to file a response to the Order to

15    Show Cause addressing the timeliness issue. *See id.* at 2. Petitioner was granted an extension of

16    time until April 30, 2025, to file a response to the Order to Show Cause specifically addressing

17    the statute of limitations issue discussed therein. *Id.* at 3.

18    Petitioner failed to file a response to the Order to Show Cause by the established

19    deadline. However, on May 6, 2025, Petitioner filed a motion seeking an extension of time until

20    May 27, 2025, to respond to the Order to Show Cause. Dkt. 12. The Court granted Petitioner's

21    motion and advised that if Petitioner failed to file his response by May 27, 2025, the Court would

22    recommend that this action be dismissed. Dkt. 13.

23

REPORT AND RECOMMENDATION
PAGE - 3

To date, Petitioner has not responded to the Order to Show Cause. Because it appears clear that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d), and because Petitioner has made no effort to demonstrate otherwise, Petitioner's federal habeas petition should be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

### IV.     CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (Dkt. 8) and this action be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 4

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 8, 2025**.

DATED this 17th day of June, 2025.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5