UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD EARL COBB,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT SPEER,<br><br>　　　　　　Respondent. | CASE NO. C25-30 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO STAY |

This matter comes before the Court on Petitioner's Motion to Stay (Dkt. No. 15) and the Report and Recommendation of Magistrate Judge S. Kate Vaughan (R&R) (Dkt. No. 14). Having reviewed the Motion, the R&R and all supporting materials, the Court DENIES the Motion to Stay, ADOPTS the R&R, and DISMISSES the petition as untimely under 28 U.S.C. § 2244(d).

**BACKGROUND**

Petitioner Edward Earl Cobb is a state prisoner confined at Stafford Creek Corrections Center pursuant to a judgment and sentence entered in King County Superior Court case number

08-1-07142-8. (See Dkt. No. 3-1.) Cobb seeks a writ of habeas corpus under 28 U.S.C. § 2241 and alleges in his petition that his current custody is unlawful because his judgment and sentence does not reflect that he received credit for time served in the King County Jail prior to his sentencing, as required by RCW 9.94A.505(6). (Id. at 3.)

The Magistrate Judge refused to allow Cobb's habeas petition to proceed for two reasons. (R&R at 2.) First, the Court observed that Cobb had not exhausted his state remedies. (Id.) Second, the Court noted that even if Cobb's claims were exhausted, they appeared time-barred. (Id.) After noting these two defects, the Court issued an Order to Show Cause to give Cobb an opportunity to explain how he could overcome these two barriers. (Dkt. No. 9.) Cobb then filed a Motion to Stay in which he explained that he wished to complete the state appeals process to exhaust his claims. (Dkt. No. 10.) The Court denied the Motion, noting that it did not address the Order to Show Cause and the two reasons for dismissal. (Dkt. No. 11.) After the Court extended the deadline for a response to the Order to Show Cause, Cobb failed to provide a response. (See Dkt. No. 13.) The Court then issued an R&R recommending dismissal of the petition for its lack of exhaustion and for being untimely. (Dkt. Nos. 13, 14.)

Rather than respond to the R&R, Cobb has filed a renewed Motion to Stay. (Dkt. No. 15.) He explains that there is a pending appeal in the Washington State Court of Appeals concerning the claims he now pursues and that he would like the Court to stay the matter pending exhaustion. (Id.) But Cobb makes no mention of whether and how his claims are timely or why the R&R reaches any erroneous conclusions in recommending dismissal.

# ANALYSIS

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve <u>de novo</u> any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1). Proper objections require "specific written objections to the proposed findings and recommendations" of the Magistrate Judge. Fed. R. Civ. P. 72(b)(2); <u>see also</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations <u>de novo</u> if objection is made, but not otherwise.").

**B.  No Valid Objections to R&R**

The Court finds that Cobb has failed to identify any reason why the R&R reaches an improper conclusion about the habeas petition. First, Cobb has not identified any specific flaw in the R&R and has failed to satisfy Rule 72 by omitting any argument. Second, Cobb's Motion to Stay fails to address the timeliness of his habeas petition, which is fatal to it. Even if the Court were to allow Cobb to exhaust his claims, Cobb has not demonstrated any basis on which to believe that the claims would be timely. This same flaw has been identified by the Magistrate Judge and it remains fatal to Cobb's petition.  Accordingly, the Court ADOPTS the R&R and DISMISSES the petition as untimely. The Court also DENIES the Motion to Amend, as it does not identify any grounds for relief with regard to an untimely habeas petition.

**C.  No Certificate of Appealability**

A certificate of appealability may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  <u>See</u> 28 U.S.C. § 2253(c)(3).  A

prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Here, Cobb has not made a substantial showing of the denial of a constitutional right. He has not shown that a jurist of reason could disagree with the Court's determination that his claims are time-barred or that jurists might believe the issues presented deserve further judicial attention.

## CONCLUSION

The Court ADOPTS the R&R and DISMISSES this action as time-barred. The Court DENIES the Motion to Stay, as it fails to identify a valid reason why the Court should not dismiss this action as untimely. The Court also denies the issuance of a Certificate of Appealability.

The clerk is ordered to provide copies of this order to all Petitioner and all counsel.

Dated July 11, 2025.

Marsha J. Pechman
United States Senior District Judge